UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TODD A. BEHNKE, | ) | CASE NO.: 1:10CV2105 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **ORDER AND DECISION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on objections filed by Plaintiff Todd Behnke to the Report and Recommendation ("R&R") of the Magistrate Judge. This action was referred to the Magistrate Judge for a Report and Recommendation on Behnke's Appeal of the Social Security Administration's decision to deny his request for disability insurance benefits and supplemental security income. On August 26, 2011, Magistrate Judge Knepp issued his R&R recommending that the Commissioner's decision be affirmed. Behnke timely objected, and the Commissioner has responded to the objections.

For the reasons stated below, the objections are overruled. The R&R is adopted and the findings of the Commissioner are AFFIRMED.

District courts conduct *de novo* review of those portions of a magistrate judge's R & R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable

mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Behnke's first objection is focused upon the treating physician rule. The treating physician rule requires the ALJ to generally give greater deference to the opinions of treating physicians due to the fact that:

> these sources are likely to be the medical professionals most able to provide a detailed longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)) (alteration sic). This deference, however, is only appropriate if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." *Wilson*, 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(d)(2)) (alteration sic). If the ALJ does not afford a treating physician's opinion controlling weight, he must determine how much weight is appropriate by considering a number of relevant factors including; 1) the length of the treatment relationship; 2) the frequency of examination; 3) the nature and extent of the treatment relationship; 4) supportability of the opinion based on the medical record; 5) consistency of the opinion with the record as a whole; and 6) any specialization of the treating physician. *Wilson*, 378 F.3d at 544; s*ee also* 20 C.F.R. § 404.1527(d)(2).

The ALJ must "always give good reasons in [the] notice of determination or decision for the weight" given to the treating source's opinion. 20 C.F.R. § 404.1527(d)(2). The reasons given

must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. 96-2p, 1996, 1996 WL 374188, at *5.

In his first objection, Behnke contends that the Magistrate Judge erred when he failed to recognize that the ALJ's never expressly discounted Behnke's treating physician's opinion regarding Behnke's inability to maintain attention and concentration. Behnke contends in his objections that "[t]his aspect of Dr. Wells's opinion was critical. The vocational expert testified that if a person were off task even 10 percent of the time, it would be difficult to maintain competitive employment." Doc. 16 at 1-2. However, Behnke ignores that the ALJ expressly noted as follows: "Although Dr. Wells is the treating physician, her assessment of Mr. Behnke's mental limitations is not supported by her own progress notes." Doc. 10-2 at 25. Behnke appears to assert that because the ALJ devoted a paragraph to his anger issues, that every one of his mental limitations must be discussed individually. However, he has offered no authority for this position. The ALJ gave good reasons for rejecting Dr. Wells' opinion regarding Behnke's mental limitations – those reasons including Dr. Wells' was outside her area of expertise when it came to mental assessment, that her opinion conflicted with her progress notes, and that those within that area of expertise concluded differently. Accordingly, Behnke's first objection lacks merit.

Behnke next asserts that the Magistrate Judge erred when he failed to find error in the ALJ's determination of Behnke's residual functioning capacity. The Court finds no merit in this position.

Behnke is correct that the reviewing psychologist concluded that Behnke was "capable of completing simple tasks. He would be moderately limited in tolerating work stress, and thus should have a job requiring few changes in duties, and pace which is not externally controlled."

Doc. 10-16 at 20.  The ALJ utilized this information and found that Behnke had a residual functional capacity that includes the following:

> He is limited to unskilled work involving only simply, repetitive tasks with no more than routine changes in the workplace.   Mr. Behnke is limited to low stress work, that is, work that does not involve high production quotas.

Doc. 10-2 at 21.  Behnke's contends that these limitations do not adequately reflect the psychological limitations.  Like the Magistrate Judge, this Court finds no merit in this argument.

The psychologist suggested a job with limited changes in duties.  The ALJ found a capacity to perform a job with only "routine changes."  The Court finds no meaningful distinction between these two.  While Behnke seems to assert that these are vastly different, he has failed to offer any law or persuasive argument to convince the Court.  Moreover, Behnke readily acknowledges, as he must, that the RFC and the medical opinion need not be identical and should not be equated.  *See* Social Security Ruling 96-5p, 1996 WL 374183, at *5 ("Although an adjudicator may decide to adopt all of the opinions expressed in a medical source statement, a medical source statement must not be equated with the administrative finding known as the RFC assessment.").

In addition, the medical opinion suggested that Behnke should not work in an area where is pace was externally controlled.  The ALJ then found that Behnke should work in a low stress job with no quote requirement.  Again, the Court finds no meaningful distinction between these two.  Instead, it is readily apparent that the ALJ properly took into account the medical evidence and developed a proper RFC.  Accordingly, Behnke's second objection is overruled.

In his final objection, Behnke contends that the Magistrate Judge erred when he failed to find error in the ALJ's failure to seek out an explanation for a conflict between the vocational expert's testimony and the Dictionary of Occupational Titles.  In support, Behnke relies upon

Social Security Ruling 00-4p, 2000 WL 1898704, at *2 which provides:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled.

In rejecting any error, the Magistrate Judge found that Behnke had waived this argument by failing to present it to the ALJ.  Behnke contends this was error because the ALJ had a duty, pursuant to the above, to resolve any conflict without any request from Behnke.

In raising this objection, Behnke ignores the sentence following the quoted language above:  "At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency."  *Id.* During the administrative hearing, the ALJ engaged in this inquiry with the vocational expert.

> ALJ:  Has your testimony about these jobs been consistent with the Dictionary of Occupational Titles and its companion volume Selected Characteristics of Occupations?
>
> VE:  Yes, Your Honor.

Doc. 10-3 at 23.  In that respect, the Magistrate Judge correctly noted that "nothing in applicable Social Security regulations requires the administrative law judge to conduct his or her own investigation into the testimony of a vocational expert to determine its accuracy, especially when the claimant fails to bring any conflict to the attention of the administrative law judge."  *Ledford v. Astrue*, 311 Fed. Appx. 746, 757 (6th Cir. 2008).  In *Ledford*, the claimant raised the precise argument Behnke raises – "that the administrative law judge failed to resolve the conflict between the vocational expert's testimony and the Dictionary of Occupational Titles, as required in Social Security Ruling 00-4p[.]"  *Id.*  The Sixth Circuit flatly rejected this argument.

Moreover, the *Ledford* Court went on to note that despite any alleged conflicts in the

evidence, the claimant had the skill set to perform the jobs proposed by the vocational expert. The Court reaches a similar conclusion herein. While Behnke contends that his limitations, namely his short attention span and susceptibility to stress, would not allow him to perform the three inspection jobs identified by the vocational expert. The Court disagrees. As noted above, these jobs fall within the limitations in the RFC. Moreover, this Court noted above that the RFC accurately takes into account the medical evidence. As such, the Court finds no merit in the contention that Behnke could not perform these positions. Behnke's final objection is overruled.

The Magistrate Judge's Report and Recommendation is ADOPTED IN WHOLE. Final judgment is entered in favor of the Commissioner, AFFIRMING its findings.

IT IS SO ORDERED.

Dated: November 10, 2011                     /s/ John R Adams
                                                                JUDGE JOHN R. ADAMS
                                                                UNITED STATES DISTRICT JUDGE